wme

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 DEC -5 AM 9:38

'07 MJ 2812

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Juan REYES-Aviles,<br><br>Defendant | ) Magistrate Docket No.<br>)<br>)<br>) BY: _____ COMPLAINT FOR VIOLATION OF:<br>)           DEPUTY<br>) Title 8, U.S.C., Section 1326<br>) Deported Alien Found in the<br>) United States<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about **December 4, 2007** within the Southern District of California, defendant, **Juan REYES-Aviles,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **DECEMBER, 2007**

_____
Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Juan REYES-Aviles

## PROBABLE CAUSE STATEMENT

On December 4, 2007, at approximately 3:35 AM, Border Patrol Agent J. Hernandez responded to a call via service radio from the National Guard Scope Operator of two individuals heading north in the area commonly known as Pipeline. This area is approximately three miles west of the San Ysidro, California, Port of Entry. Upon arrival, Agent Hernandez began a search and found two individuals hiding in some brush in an attempt to conceal themselves from detection. Due to the close proximity to the United States / Mexico International Boundary, which is approximately half a mile south, Agent Hernandez identified himself as a Border Patrol Agent, and conducted an immigration inspection. Both subjects, including one later identified as the defendant **Juan REYES-Aviles**, admitted to being citizens and nationals of Mexico illegally in the United States, and none possessed any documents that would allow them to legally enter or remain in the United States. Agent Hernandez arrested the individuals, and they were transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **May 18, 2007** through **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to answer questions without the presence of an attorney. The defendant again freely admitted to being a citizen and national of Mexico was in the United States illegally and was not in possession of any Immigration documents allowing him to enter or remain in the United States legally. The defendant stated that he was traveling to Los Angeles, California.